Per curiam

This has been only done where the matters shewn to the court by way of aggravation, have been relative to the matter for which the Defendant "uadi been convicted, not where they are independent facts for which the party is liable to another prosecution. We will not hear the o her returns read. A iV * days after, the court fined the Defendant 1 n-iy pounds, and ordered him into the custody eflhe Sheriff of New-Hanover, till the fine was paid. Some days after this, an application was made to discharge the Defendant out of custody, as he had not wherewith to pay the fine now with him j and to issue a fi. fa. to the county of Onslow, for the levying thereof — and it was urged, that the court had done so in the case of the Warrenton fines. • ■
Per curium — The proper process to compel payment of a fine, is a capiatur pro fine, which is issued when «he narty is not in court at the time the fine is laid ; but when he is in court, and is ordered into custody, it is like being in custody upon a capias ad satisfaciendum, and then a discharge from them by the PhuntitPs consent, will discharge the party from any other execution : and perhaps should the court now give into the present motion, it may hereafter be said, ihat a ji. fa. was irregular, as his discharge from his present confinement could not have been procured hod th< State opposed it, So the motion was denied. Vide Salk. 56. Co. Inst. 218. Salk. 400. 4 Bl. Com. 368. 8 Rep. 59 b
.Note, — Upon the first point, see State v. Joyce, ante 43.